IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| MITSUBISHI TANABE PHARMA CORPORATION, JANSSEN PHARMACEUTICALS, INC., JANSSEN PHARMACEUTICA NV, JANSSEN RESEARCH AND DEVELOPMENT, LLC, and CILAG GMBH INTERNATIONAL, | ) ) ) ) ) ) |
| Plaintiffs, | ) C.A. No. _____ ) |
| v. | ) ) |
| APOTEX, INC. and APOTEX CORP., | ) ) |
| Defendants. | ) |

## COMPLAINT FOR PATENT INFRINGEMENT

Plaintiffs Mitsubishi Tanabe Pharma Corp. ("MTPC"), Janssen Pharmaceuticals, Inc. ("JPI"), Janssen Pharmaceutica NV ("JNV"), Janssen Research and Development, LLC ("JRD"), and Cilag GmbH International ("Cilag") (collectively, "Plaintiffs"), by their attorneys, for their complaint against Apotex, Inc. and Apotex Corp. (collectively, "Apotex") allege as follows:

## NATURE OF THE ACTION

1. This is a civil action for infringement of United States Patent Nos. 7,943,582 (the "'582 patent") and 8,513,202 (the "'202 patent") (collectively, the "Patents-in-suit") under the patent laws of the United States, 35 U.S.C. § 100, *et seq.* This action arises from Apotex Corp.'s filing of Abbreviated New Drug Application ("ANDA") No. 210449 ("the Apotex ANDA") with the United States Food and Drug Administration ("FDA") seeking approval to commercially market generic versions of JPI's 100 mg and 300 mg INVOKANA® drug product ("the Apotex ANDA Product") prior to the expiration of the Patents-in-suit.

## THE PARTIES

2. MTPC is a corporation organized and existing under the laws of Japan, having an office and place of business at 3-2-10, Dosho-machi, Chuo-ku, Osaka 541-8505, Japan.

3. JPI is a corporation organized and existing under the laws of the State of Pennsylvania, having its principal place of business at 1125 Trenton-Harbourton Road, Titusville, New Jersey 08560.

4. JNV is a corporation organized and existing under the laws of Belgium, having its principal place of business at Turnhoutseweg, 30, 2340 Beerse, Belgium.

5. JRD is a corporation organized and existing under the laws of the State of New Jersey, having its principal place of business at 920 Route 202, Raritan, New Jersey 08869.

6. Cilag is a company organized and existing under the laws of Switzerland, having its principal place of business at Gubelstrasse 34, 6300, Zug, Switzerland.

7. On information and belief, defendant Apotex, Inc. is a corporation organized and existing under the laws of Canada, having a principal place of business at 150 Signet Drive, Toronto, Ontario, Canada M9L 1T9.

8. On information and belief, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware, having a principal place of business at 2400 North Commerce Parkway, Weston, Florida 33326.

## THE PATENTS-IN-SUIT

9. On May 17, 2011, the United States Patent and Trademark Office ("USPTO") duly and lawfully issued the '582 patent, entitled "Crystalline form of 1-(β-D-glucopyransoyl)-4-methyl-3-[5-(4-fluorophenyl)-2-thienylmethyl]benzene hemihydrate" to

MTPC as assignee of inventors Sumihiro Nomura and Eiji Kawanishi. A copy of the '582 patent is attached as Exhibit A.

10. JPI, JRD, and Cilag are exclusive licensees of the '582 patent.

11. JNV is an exclusive sublicensee of the '582 patent.

12. On August 20, 2013, the USPTO duly and lawfully issued the '202 patent, entitled "Crystalline form of 1-(β-D-glucopyransoyl)-4-methyl-3-[5-(4-fluorophenyl)-2-thienylmethyl]benzene hemihydrate" to MTPC as assignee of inventors Sumihiro Nomura and Eiji Kawanishi. A copy of the '202 patent is attached as Exhibit B.

13. JPI, JRD, and Cilag are exclusive licensees of the '202 patent.

14. JNV is an exclusive sublicensee of the '202 patent.

## THE INVOKANA® DRUG PRODUCT

15. JPI holds approved New Drug Application ("NDA") No. 204042 for canagliflozin tablets, which are prescribed and sold under the trademark INVOKANA®. INVOKANA® is indicated as an adjunct to diet and exercise to improve glycemic control in adults with type 2 diabetes mellitus.

16. The claims of the Patents-in-suit cover, *inter alia*, certain polymorphic forms of canagliflozin.

17. Pursuant to 21 U.S.C. § 355(b)(1), and attendant FDA regulations, the '582 and '202 patents are listed in the FDA publication "Approved Drug Products with Therapeutic Equivalence Evaluations" (the "Orange Book"), with respect to INVOKANA®.

## JURISDICTION AND VENUE

18.     This action arises under the patent laws of the United States, 35 U.S.C. §§ 100, *et seq.*, and this Court has jurisdiction over the subject matter of this action under 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

19.     On information and belief, Apotex Corp. is a subsidiary of Apotex, Inc. and is controlled and dominated by Apotex, Inc.  On information and belief, Apotex, Inc. and Apotex Corp. operate as part of a single, integrated generic pharmaceutical manufacturer with Apotex, Inc. as the ultimate parent.  Apotex's website states that "Apotex Corp. is the US Company that markets the products of Apotex, Inc." Apotex Press Release, http://www.apotex.com/global/about/press/20110510.asp (last visited July 9, 2017).

20.     On information and belief, Apotex Corp. and Apotex, Inc. have been, and continue to be, joint and prime actors in the drafting, submission, approval, and maintenance of the Apotex ANDA.

21.     This Court has personal jurisdiction over Apotex, Inc. because, *inter alia*, Apotex, Inc. has committed an act of patent infringement under 35 U.S.C. § 271(e)(2) and intends a future course of conduct that includes acts of patent infringement in Delaware.  These acts have led and will lead to foreseeable harm and injury to Plaintiffs in Delaware.  For example, on information and belief, following approval of the Apotex ANDA, Apotex, Inc. will work in concert with Apotex Corp. to make, use, import, sell, and/or offer for sale the Apotex ANDA Product in the United States, including in Delaware, prior to the expiration of the Patents-in-suit.

22.     This Court also has personal jurisdiction over Apotex, Inc. because Apotex, Inc. has purposefully availed itself of the rights and benefits of Delaware law by engaging in systematic and continuous contacts with the State of Delaware.  On information and

belief, Apotex, Inc. regularly and continuously transacts business within Delaware, including by making pharmaceutical products for sale in Delaware and selling pharmaceutical products in Delaware.  On information and belief, Apotex, Inc. derives substantial revenue from the sale of those products in Delaware and has availed itself of the privilege of conducting business within Delaware.  For example, Apotex's website states it "has many submissions for U.S. regulatory review as well as being a leader for generic drug approvals."    About Apotex, http://www.apotex.com/ca/en/about/video.asp (last accessed July 9, 2017).

23.    On information and belief, Apotex, Inc. has continuously placed its products into the stream of commerce for distribution and consumption in the State of Delaware, and throughout the United States, and thus has engaged in the regular conduct of business within this Judicial District.  On information and belief, if Apotex Corp. succeeds in obtaining FDA approval, Apotex, Inc. would work in concert with Apotex Corp. to sell its Apotex ANDA Product in Delaware and other states, causing injury to Plaintiffs in Delaware.

24.    On information and belief, Apotex, Inc. derives substantial revenue from selling generic pharmaceutical products throughout the United States, including in this Judicial District.

25.    On information and belief, Apotex, Inc. has previously invoked, stipulated, and/or consented to personal jurisdiction in this Judicial District in numerous prior patent cases.

26.    Apotex, Inc. has previously been sued in this Judicial District and has availed itself of Delaware courts through the assertion of counterclaims in suits brought in Delaware, including *Bristol-Myers Squibb Company et al. v. Apotex Inc. et al.*, C.A. No. 17-399 (D. Del.) (not contesting personal jurisdiction or venue and asserting counterclaims); *Amgen Inc.*

*v. Apotex Inc.*, *et al.*, C.A. No. 16-926 (D. Del.) (not contesting personal jurisdiction or venue and asserting counterclaims); *Forest Laboratories, LLC. et al. v. Apotex Inc. et al.*, C.A. No. 16-269 (D. Del.) (not contesting personal jurisdiction or venue and asserting counterclaims).

27.   In the alternative, this Court has jurisdiction over Apotex, Inc. because the requirements of Federal Rule of Civil Procedure 4(k)(2)(A) are met as:  (a) Plaintiffs' claims arise under federal law; (b) Apotex, Inc. is a foreign defendant not subject to general personal jurisdiction in the courts of any state; and (c) Apotex, Inc. has sufficient contacts with the United States as a whole, including, but not limited to, preparing and submitting an ANDA to the FDA and/or manufacturing and/or selling pharmaceutical products distributed throughout the United States, such that this Court's exercise of jurisdiction over Apotex, Inc. satisfies due process.

28.   Venue is proper for Apotex, Inc. under 28 U.S.C. §§ 1391 and/or 1400(b), including because, *inter alia*, Apotex, Inc. is subject to personal jurisdiction in this Judicial District, as set forth above, has committed an act of infringement and will commit further acts of infringement in this Judicial District, as set forth in paragraphs 21 and 23 above, continuously transacts business in this Judicial District, as set forth in paragraphs 22 and 24 above, and has a continuous and permanent presence in this Judicial District through its subsidiary, Apotex Corp.

29.   This Court has personal jurisdiction over Apotex Corp. because, *inter alia*, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware.

30.   Venue is proper for Apotex Corp. under 28 U.S.C. §§ 1391 and 1400(b) because, *inter alia*, Apotex Corp. is a corporation organized and existing under the laws of the State of Delaware.

**APOTEX CORP.'S INFRINGING ANDA SUBMISSION**

31.    On or about June 6, 2017, JPI received from Apotex's counsel a letter, dated June 5, 2017 ("Apotex Letter"), stating that Apotex Corp. had submitted the Apotex ANDA to the FDA seeking approval to market the Apotex ANDA Product before the expiration of the Patents-in-suit.  MTPC received the Apotex Letter on or about June 8, 2017.

32.    The Apotex ANDA Product is intended to be a generic version of INVOKANA®.

33.    The Apotex Letter alleges that the Apotex ANDA Product does not infringe the '582 patent or the '202 patent.  Notwithstanding these allegations, on information and belief, discovery/testing will show that the Apotex ANDA Product infringes the Patents-in-suit.

34.    This action is being commenced before the expiration of 45 days from the date MTPC and JPI received the Apotex Letter.

**COUNT I**
**Infringement of U.S. Patent No. 7,943,582 by Apotex**

35.    Plaintiffs repeat and reallege paragraphs 1-34 above as if fully set forth herein.

36.    By filing its ANDA No. 210449 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Apotex ANDA Product before the expiration of the '582 patent, Apotex Corp. committed an act of infringement under 35 U.S.C. § 271(e)(2).

37.    On information and belief, discovery/testing will show that if Apotex commercially makes, uses, offers to sell, or sells the Apotex ANDA Product within the United States, or imports the Apotex ANDA Product into the United States, or induces or contributes to

7

any such conduct during the term of the '582 patent, it would further infringe at least claims 1, 6, and 7 of the '582 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

38.    Apotex Corp. has had knowledge of the '582 patent since at least the date it submitted the Apotex ANDA.  Apotex, Inc. will have knowledge of the '582 patent at least upon the date of service of this Complaint.

39.    Plaintiffs will be irreparably harmed if Apotex is not enjoined from infringing the '582 patent.  Plaintiffs do not have an adequate remedy at law.

## COUNT II
### Infringement of U.S. Patent No. 8,513,202 by Apotex

40.    Plaintiffs repeat and reallege paragraphs 1-39 above as if fully set forth herein.

41.    By filing its ANDA No. 210449 for the purpose of obtaining approval to engage in the commercial manufacture, use, sale, offer for sale, or importation into the United States of the Apotex ANDA Product before the expiration of the '202 patent, Apotex Corp. committed an act of infringement under 35 U.S.C. § 271(e)(2).

42.    On information and belief, discovery/testing will show that if Apotex commercially makes, uses, offers to sell, or sells the Apotex ANDA Product within the United States, or imports the Apotex ANDA Product into the United States, or induces or contributes to any such conduct during the term of the '202 patent, it would further infringe at least claims 1 and 3-5 of the '202 patent under 35 U.S.C. §§ 271(a), (b), and/or (c).

43.    Apotex Corp. has had knowledge of the '202 patent since at least the date it submitted the Apotex ANDA.  Apotex, Inc. will have knowledge of the '202 patent at least upon the date of service of this Complaint.

8

44.    Plaintiffs will be irreparably harmed if Apotex is not enjoined from infringing the '202 patent. Plaintiffs do not have an adequate remedy at law.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs respectfully request the following relief:

A.    A Judgment that Apotex has infringed one or more claims of the '582 patent by filing ANDA No. 210449;

B.    A Judgment that Apotex has infringed, and that Apotex's making, using, selling, offering to sell, or importing the Apotex ANDA Product would constitute infringement of one or more claims of the '582 patent, and/or induce or contribute to infringement of one or more claims of the '582 patent pursuant to 35 U.S.C. § 271(a), (b) and/or (c);

C.    A permanent injunction restraining and enjoining Apotex, and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Apotex ANDA Product until after the expiration of the '582 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

D.    An Order that the effective date of any approval of ANDA No. 210449 relating to the Apotex ANDA Product be a date that is not earlier than the expiration date of the '582 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled;

E.    A Judgment that Apotex has infringed one or more claims of the '202 patent by filing ANDA No. 210449;

F.    A Judgment that Apotex has infringed, and that Apotex's making, using, selling, offering to sell, or importing the Apotex ANDA Product would constitute infringement

9

of one or more claims of the '202 patent, and/or induce or contribute to infringement of one or more claims of the '202 patent pursuant to 35 U.S.C. § 271(a), (b) and/or (c);

G.    A permanent injunction restraining and enjoining Apotex and its officers, agents, attorneys, and employees, and those acting in privity or concert with them, from engaging in the commercial manufacture, use, offer for sale, or sale within the United States, or importation into the United States, of the Apotex ANDA Product until after the expiration of the '202 patent, or any later expiration of exclusivity to which Plaintiffs are or become entitled;

H.    An Order that the effective date of any approval of ANDA No. 210449 relating to the Apotex ANDA Product be a date that is not earlier than the expiration date of the '202 patent as extended plus any other regulatory exclusivity to which Plaintiffs are or become entitled; and

I.    Such other and further relief as the Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Rodger D. Smith II*

Rodger D. Smith II (#3778)
Megan E. Dellinger (#5739)
1201 North Market Street
P.O. Box 1347
Wilmington, DE  19899
(302) 658-9200
rsmith@mnat.com
mdellinger@mnat.com

OF COUNSEL:

Raymond N. Nimrod
Matthew A. Traupman
Catherine T. Mattes
QUINN EMANUEL
URQUHART & SULLIVAN, LLP
51 Madison Avenue
New York, NY  10010
(212) 849-7000

*Attorneys for Plaintiffs Mitsubishi Tanabe Pharma Corp., Janssen Pharmaceuticals, Inc. Janssen Pharmaceutica NV, Janssen Research and Development, LLC, and Cilag GmbH International*

July 20, 2017